## A. D. SHAW & CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   November 14, 1907.)

No. 5,067.

1. CUSTOMS DUTIES—LEAKAGE OF WINE—ALLOWANCE.
    In an importation of 3,660 gallons of wine there was a shortage of 12.17 gallons in excess of the normal leakage.  *Held*, that no allowance for this shortage was permissible, under Tariff Act July 24, 1897, c. 11, § 1, Schedule H, par. 296, 30 Stat. 174 [U. S. Comp. St. 1901, p. 1654], forbidding "constructive or other allowance for * * * leakage * * * on wines."

2. SAME—RECIPROCAL COMMERCIAL AGREEMENTS—SUSPENSION OF TARIFF PROVISION.
    Tariff Act July 24, 1897, c. 11, § 3, 30 Stat. 203 [U. S. Comp. St. 1901, p. 1690], and the reciprocal commercial agreement with Spain (34 Stat. 3227), suspending "the imposition and collection of the duties mentioned in" said act on wines, etc., has only the effect of reducing the duty on wines provided in section 1, Schedule H, par. 296, of said act (30 Stat. 174 [U. S. Comp. St. 1901, p. 1654]), but does not supersede the further provision in said paragraph that there shall be no allowance for leakage of wines.

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below affirmed the assessment of duty on an importation into the port of New York, on the authority of U. S. v. Shaw, 144 Fed. 329, 75 C. C. A. 291, U. S. v. Wile, 130 Fed. 331, 64 C. C. A. 577, and Richard v. U. S. (C. C.) 151 Fed. 954.

Hatch & Clute (Walter F. Welch of counsel), for importers.
J. Osgood Nichols, Asst. U. S. Atty.

MARTIN, District Judge (orally).   Appeal by importers from a decision of the Board of United States General Appraisers.   The merchandise in controversy is wine, the product of the soil and industry of Spain, imported directly from that country to the port of New York, at which port it was entered September 11, 1906.   The collector imposed duty on said wine at the rate of 35 cents per gallon, the rate provided for such merchandise by the reciprocal commercial agreement between Spain and the United States, which was negotiated under the provisions of Tariff Act July 24, 1897, c. 11, § 3, 30 Stat. 203 [U. S. Comp. St. 1901, p. 1690], was proclaimed by the President August 27, 1906 and became operative September 1, 1906.   34 Stat. 3227. The importers claim (1) that duty should be assessed only on the quantity actually found by the gauger; and (2) that according to the commercial agreement with Spain the operation of paragraph 296 and the proviso thereto has been suspended, and is therefore of no force or effect in this case.

The proviso in said Act July 24, 1897, c. 11, § 1, Schedule H, par. 296, 30 Stat. 174 [U. S. Comp. St. 1901, p. 1654], to the effect "that there shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits," is simply a regulation of procedure as to ascertaining the quantity upon

which duty is to be assessed. If the amount found wanting in the cask is simply a matter of leakage, no deduction is to be made therefor. The importer is presumed to understand this provision; and, if he uses barrels or casks that may leak, he takes his chances as to this regulation. The facts show that out of 3,660 gallons there were 12.17 gallons of leakage beyond the ordinary normal amount. This I do not deem to be anything more than the ordinary leakage that was contemplated by the act; and for such a leakage the officers of the government are not required to measure it.

It is claimed here that under section 3 of said act the President has power to suspend by proclamation "the imposition and collection of the duties in this act on such article or articles so exported to the United States from such country or colony"; that by reason of a treaty with Spain the President did make proclamation, the effect of which suspends the proviso above quoted. I do not concur in this. The effect of the President's proclamation was to reduce the rate of duty, but in no way to interfere with the modes of procedure which are prescribed by law.

The decision of the Board of General Appraisers is affirmed.